Filed 5/14/14  Marriage of Cheung and Mak CA1/5

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| **In re the Marriage of WENDY CHEUNG and ROLLAND MAK.** | |
| **WENDY CHEUNG,** Respondent, v. **ROLLAND MAK,** Appellant. | **A139256** (San Mateo County Super. Ct. No. FAM0108668) |

Appellant Rolland Mak appeals from an order regarding child custody, visitation rights, and payment for costs relating to court-ordered therapy.  We affirm.

BACKGROUND

Our opinion from a previous appeal in this case recounted the following relevant background: "In earlier proceedings, the marriage of Mak and respondent Wendy Cheung was formally terminated, custody of their child was awarded to Cheung, and Mak was granted certain visitation rights.  Judgment issued in April 2011.  [¶] In 2011, the child (then 11 years old) stopped attending the visitation sessions because the child no longer wanted to see Mak.  In December 2011, the trial court appointed a reunification therapist for the child to determine whether it would be in the best interest of the child to engage in reunification with Mak at that time.  The December 2011 order provided for Mak to pay the full cost of the reunification therapy.  Mak paid for some, but not all, of the therapy

1

costs; the unpaid amount was $720." (*In re Marriage of Cheung and Mak* (Dec. 12, 2013, A138276) [nonpub. opn.].)

In December 2012, Mak filed a motion to modify custody and visitation arrangements, and to modify the order requiring Mak to pay the reunification therapist's costs to provide the cost be shared between Mak and Cheung. In May 2013, the trial court held a one day trial on Mak's motion. According to the docket, 10 witnesses testified at this trial, including Mak and Cheung.

The trial court issued a written decision awarding Cheung sole legal and physical custody of the child. The decision grants Mak access to certain records regarding the child but prohibits him from contacting the child, finding "it is in the best interest of the minor to have a break from litigation and from therapy and from the pressures placed upon him by both parents regarding his time with [Mak]." The decision directs an appointment with the reunification therapist be made to determine whether reunification efforts should proceed at this time, and directs Mak and Cheung to comply with the therapist's recommendation. The decision further directs Mak to pay the balance of the therapist's unpaid bill for prior sessions, and to pay in advance for future sessions.

## DISCUSSION

Mak challenges whether the trial court had a proper basis in the May 2013 order to (1) award custody to Cheung, (2) temporarily prohibit Mak's contact with the child, (3) select the designated reunification therapist, and (4) order Mak to pay the balance of the unpaid therapy bills. Mak also asserts the trial court exhibited bias. Cheung did not file a response brief.

Mak elected to proceed on appeal without a reporter's transcript, agreed statement, or settled statement of the May 2013 trial. Instead, he designated solely a partial clerk's transcript, which includes only one of the trial exhibits from the May trial. Mak's failure to provide the reporter's transcript of the trial — or any acceptable alternative — and

2

most of the exhibits precludes our ability to meaningfully review his arguments on appeal.[1]

"Generally, appellants in ordinary civil appeals must provide a reporter's transcript at their own expense.  [Citation.]  In lieu of a reporter's transcript, an appellant may submit an agreed or settled statement.  [Citations.]  [¶] In numerous situations, appellate courts have refused to reach the merits of an appellant's claims because no reporter's transcript of a pertinent proceeding or a suitable substitute was provided.  [Citations.]  [¶] The reason for this follows from the cardinal rule of appellate review that a judgment or order of the trial court is presumed correct and prejudicial error must be affirmatively shown.  [Citation.]  'In the absence of a contrary showing in the record, all presumptions in favor of the trial court's action will be made by the appellate court.  "[I]f any matters could have been presented to the court below which would have authorized the order complained of, it will be presumed that such matters were presented." '  [Citation.] . . . ' "A necessary corollary to this rule is that if the record is inadequate for meaningful review, the appellant defaults and the decision of the trial court should be affirmed." '  [Citation.]"  (*Foust v. San Jose Construction Co., Inc.* (2011) 198 Cal.App.4th 181, 186-187.)

Mak has failed to provide us with a record by which we can meaningfully review the trial court's May 2013 order.  Accordingly, we must affirm the trial court's order.

---

[1]     The summary of trial testimony and proceedings set forth in Mak's brief is not an acceptable alternative to the reporter's transcript.  (See Cal. Rules of Court, rule 8.120, subd. (b).)

## DISPOSITION

The order is affirmed.  Cheung is awarded her costs on appeal.

_____

SIMONS, J.

We concur.

_____

JONES, P.J.

_____

BRUINIERS, J.

4